# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANNA KOLLAR, | Case No. 2:18-cv-01030-GMN-PAL |
| Petitioner, | **ORDER** |
| v. | |
| THE STATE OF NEVADA, | |
| Respondent. | |

Petitioner has filed a petition for a writ of habeas corpus (ECF No. 1). The court has reviewed it. Petitioner will need to file an amended petition because of two problems, described below. Also, petitioner might be in the wrong court, for the reasons described below.

First, petitioner has used the form for a petition under 28 U.S.C. § 2241. However, petitioner is in custody pursuant to a judgment of conviction of a state court, and 28 U.S.C. § 2254 governs this action. Petitioner will need to file an amended petition on the court's § 2254 form.

Second, petitioner has named the wrong respondent. In the amended petition, petitioner must name the state officer who has custody over her. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

Third, petitioner might be in the wrong court, and time is short for filing in the right court. She alleges that she was in a residential confinement program and that she was taken back to

1

prison on February 28, 2017, to face disciplinary charges. She further alleges that one charge was dismissed and that she was found not guilty of the other charge. She returned to residential confinement on July 21, 2017. She claims that she did not earn credits toward the expiration of her sentence and possible parole during the time that she was back in prison. This is a claim that the Nevada Department of Corrections is computing her sentence incorrectly. Petitioner can raise a sentence-computation claim in a post-conviction habeas corpus petition filed in state district court. See Nev. Rev. Stat. § 34.724(1). Petitioner needs to exhaust the state post-conviction procedure, including an appeal, before this court can consider her claim. 28 U.S.C. § 2254(b). It does not appear that she has filed such a petition. The court notes this now because petitioner alleges that her sentence expiration date should be adjusted to February 21, 2019, about four months away. If petitioner has not exhausted her claim in the state courts, and if she continues with her petition in this court, then the court eventually would need to dismiss the petition. Petitioner still would need to file a petition in the state district court, and by that time her desired expiration date might have passed. This is a matter for petitioner to consider before sending an amended petition to this court.[1]

IT THEREFORE IS ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case number, 2:18-cv-01030-GMN-PAL, above the word "AMENDED."

---

[1] If petitioner in fact has exhausted her state-court remedies, the § 2254 form has space for her to explain that.

IT FURTHER IS ORDERED that the clerk shall add Adam Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: October 16, 2018

_____
GLORIA M. NAVARRO
Chief United States District Judge